**Thomas MURRAY, Petitioner— Appellant,**

v.

**UNITED STATES of America, Respondent—Appellee.**

**No. 04–15068.**

**D.C. No. CV–02–01153–MMC, CR–97–00037–MMC.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Thomas Murray, White Dear, PA, pro se.

Stephanie Hinds, Esq., Hannah Horsley, Esq., Office of the U.S. Attorney, San Francisco, CA, for Respondent–Appellee.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Thomas Murray appeals pro se the district court's order denying his 28 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253. This court reviews de novo the denial of a § 2255, *see United States v. Sanchez–Cervantes,* 282 F.3d 664, 666 (9th Cir.2002), and we affirm.

Murray contends that his appellate counsel was ineffective for failing to timely request or file a supplemental brief arguing that the district court violated his due process rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Even if Murray's claim is not procedurally defaulted, he is unable to show prejudice by his counsel's action. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Except for his own statement at trial that he did not possess any marijuana plants, Murray has failed to show any evidence that counsel would have presented to controvert law enforcement agents, and a co-conspirator's testimony, that over 1000 marijuana plants were involved in his offense. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *see also United States v. Buckland,* 289 F.3d 558, 568–70 (9th Cir.2002) (en banc) (concluding *Apprendi* error did not substantially affect outcome of trial because undisputed evidence established that defendant possessed more than 500 grams of methamphetamine necessary to trigger maximum sentence).

We decline to address any issues not certified in the certificate of appealability. *See* 9th Cir. Rule 22.

AFFIRMED.